IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELIZABETH DAVIS,

    Plaintiff,

v.                                                Civil Action No. 5:07CV88
                                                          (STAMP)
CABELA'S INCORPORATED,
CABELA'S RETAIL, INC.,
WORLD'S FOREMOST BANK
and JACQUELYN WIETHE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND AND
DENYING PLAINTIFF'S REQUEST
FOR ATTORNEY'S FEES AND COSTS**

I.   Procedural History

The plaintiff, Elizabeth Davis, commenced this action by filing a complaint in the Circuit Court of Ohio County, West Virginia alleging, among other things, various claims of wrongful discharge, discrimination and defamation in connection with the termination of her employment with the corporate defendants. The action is before this Court as a result of a notice of removal filed by the defendants in which the defendants assert that removal is properly based on federal question jurisdiction under 28 U.S.C. § 1331. Following removal, the plaintiff filed a motion to remand to which the defendants responded in opposition. This Court has considered the motion to remand and the response thereto and concludes, for the reasons stated below, that the plaintiff's motion to remand must be granted.

## II. Facts

A complete recitation of the facts is not necessary to resolve the motion to remand. However, the following facts are pertinent to the issues raised by the parties. The plaintiff asserts seven counts arising out of her alleged wrongful discharge from employment as a Credit Card Supervisor with the corporate defendants at the Cabela's store in Ohio County, West Virginia. Specifically, the complaint sets forth two counts of retaliatory discharge, one count of negligent investigation, one count of gender-plus discrimination and family responsibility discrimination, two counts of defamation, and one count of retaliatory discharge and discrimination. With regard to the first count of retaliatory discharge, the complaint alleges that the plaintiff's employment was terminated in whole or in part "in retaliation for Ms. Davis' exercising her rights to personal/family leave in contravention of West Virginia public policy." The defendants allege that this count arises under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FLMA") and therefore supports federal jurisdiction. The plaintiff argues, on the other hand, that she has asserted only state law causes of action.

## III. Applicable Law

Title 28, United States Code, Section 1331 provides that district courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United

States." Generally, when determining the existence of removal jurisdiction, courts are limited to considering only those claims made upon the face of the complaint. In other words, federal question jurisdiction exists under § 1331 only if "it is apparent from the face of a well-pleaded complaint that the plaintiff's cause of action was created by federal law, 'unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'" Mid Atlantic Medical Servs., LLC v. Sereboff, 407 F.3d 212, 218 n.5 (4th Cir. 2005) (citing Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)). A plaintiff may avoid federal jurisdiction by relying exclusively on state law. Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987). In this way, the "well-pleaded complaint rule is designed to protect the plaintiff from a defendant reading a cause of action into a complaint when none is stated . . . . The rule is designed to allow the plaintiff the right to chose the forum." Spaulding v. Mingo County Bd. of Educ., 897 F. Supp. 284, 287 (S.D. W. Va. 1995). A case is not removable "simply because the factual allegations of the complaint could have formed the basis for reliance on federal law . . . ." Id. Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

IV. Discussion

In the notice of removal, the defendants state that federal question jurisdiction[1] exists in this case because the plaintiff is essentially asserting a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FLMA").  The defendants concede that the FMLA does not preempt the application of state law, but argue that the plaintiff's claim must necessarily arise under the FMLA because West Virginia does not recognize a cause of action for retaliatory discharge based on an employee's use of personal/family leave.  The defendants contend that an exception to the well-pleaded complaint rule exists in this case because the plaintiff has "artfully pled" her complaint to avoid removal by couching her Count I retaliation claim as one arising under the substantial public policy of West Virginia.

The artful pleading doctrine provides that a plaintiff cannot defeat removal by omitting an essential federal question from the complaint.  Spaulding, 897 F. Supp. at 288.  Although it is well-established that a plaintiff is the "master of the claim" for purposes of removal jurisdiction, Caterpillar, Inc., 482 U.S. at 392, the artful pleading exception to the well-pleaded complaint rule prevents a plaintiff from avoiding removal by concealing what is essentially a federal claim.  See Travelers Indem. Co. v.

---

[1] It is undisputed that federal jurisdiction cannot be grounded in diversity of citizenship because the parties are not completely diverse.

4

Sarkisian, 794 F.2d 754, 758 (2d Cir. 1986). In this case, the defendant's reliance on the artful pleading doctrine is misplaced. In general, the artful pleading doctrine is properly invoked only "when the allegedly disguised federal claim completely preempts all related state claims," Findlay v. PHE, Inc., 1999 WL 1939246, *3 (M.D.N.C. Apr. 16, 1999)(citing Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987)), and should be invoked only in exceptional circumstances. Sullivan, 813 F.2d at 1372 (noting that application of the artful pleading doctrine "raises difficult issues of state and federal relationships and often yields unsatisfactory results."); Grant County Sav. & Loan Ass'n v. Arkansas Custom Homes, Inc., 698 F. Supp. 169, 172 (E.D. Ark. 1988)(doctrine should be invoked only when "it appears that the complaint is drafted not with an eye toward vindication of plaintiff's substantive legal right, but with the cardinal objective of denying defendant the right to a federal forum").

The FLMA itself provides that it does not preempt related state law claims, and as noted above, the defendants concede the same. 29 U.S.C. § 2651 ("Nothing in this Act ... shall be construed to supersede any provision of any State or local law that provides greater family or medical leave rights than the rights established under this Act . . . ."). Additionally, nothing in the plaintiff's complaint raises any suspicion that it was drafted with the purpose of denying the defendants access to federal court.

Thus, the artful pleading doctrine does not justify removal in this case.

Furthermore, to the extent that the defendants argue that the plaintiff's Count I claim for retaliatory discharge must be construed as federal because her state claim will fail, such argument is unavailing.  Under West Virginia law, if the termination of an at-will employee contravenes a substantial public policy of the State, that employee may maintain a cause of action for retaliatory discharge on that basis. <u>Harless v. First Nat'l Bank</u>, 246 S.E.2d 270, 275 (W. Va. 1978).  Although this Court is aware of no case law addressing whether the discharge of an employee, based on that employee's exercise of personal/family leave to care for an ailing family member, contravenes a substantial public policy of West Virginia, it is the role of the West Virginia courts to determine whether such claim falls within the contours of a clearly recognizable public policy in the State of West Virginia.  See <u>Wulfekuhle v. Planned Parenthood of Greater Iowa, Inc.</u>, 2003 WL 1233076, *2 (S.D. Iowa Feb. 10, 2003)(finding that FMLA does not preempt state common law claim for wrongful termination and remanding case to state court for determination of state public policy); <u>Findlay v. PHE, Inc.</u>, 1999 WL 1939246, *4 (M.D.N.C. Apr. 16, 1999)(same).  Although the West Virginia court may look to the FMLA for guidance, it need not construe or apply federal law in deciding whether the defendants' actions violate the

public policies of West Virginia. Moreover, nothing on the face of the plaintiff's complaint refers to the FMLA or indicates that the FMLA is the only pronouncement of public policy on which she intends to rely.[2] Therefore, this Court finds that the plaintiff's motion to remand must be granted.

Finally, the plaintiff asks this Court to award attorney's fees and costs incurred as a result of removal. The plaintiff asserts that such an award of fees is justified because the defendants "have no reasonable basis upon which to believe that Plaintiff's well-pleaded Complaint would give rise to successful federal question removal." The plaintiff further asserts that, prior to moving for remand, she asked the defendants to voluntarily remand this matter, but the defendants declined. Title 28, United States Code, Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The award of such costs and expenses is discretionary. After reviewing the motion and the arguments in support thereof and in opposition thereto, this Court finds that the motion for fees and costs should be denied.

---

[2]Indeed, the plaintiff argues that the West Virginia Wage Payment and Collection Act, § 21-5-1 et seq., evidences the type of clearly recognizable public policy necessary to support a Harless-type action for retaliatory discharge. This question, however, is one to be more properly resolved by the state courts.

7

## V. Conclusion

For the reasons set forth above, this Court finds that the motion to remand should be and hereby is GRANTED. The plaintiff's request for attorney's fees and costs is DENIED. It is ORDERED that this action be REMANDED to the Circuit Court of Ohio County, West Virginia. Because this action is remanded, the defendants' motion to dismiss Counts III (negligent investigation) and IV (gender-plus/family responsibility discrimination) is DENIED WITHOUT PREJUDICE to refiling in state court. Finally, it is further ORDERED that this action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED:   January 18, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE